## CLERK OF COUNTY COURT OF LOWNDES v. AN-DERSON.

1. Although the taker up of an estray, is required by law to give the clerk of the court notice of such estray, if it has been delivered to the owner, died, or escaped without his fault, within twelve months, and to account with him, for such as he still holds, yet if he fails to do so, he is not liable beyond the condition of his bond, that is, one half the appraised value of such as are not reclaimed by the owner, die, or escape.   *Quere?* is not the taker up, guilty of such negligence, liable in any event for costs.

Writ of Error to the County Court of Lowndes.

SUIT by the plaintiff in error, against the defendant on a stray bond.

Upon the trial, as appears from the bill of exceptions, it was in evidence, that three steers had been taken up by the defendant, as strays, about the 8th November, 1838, which were appraised to $20 each, and that the bond in suit was taken from the defendant by a justice of the peace, and returned to the office of the clerk of the county court.   It was also proved, that one of the steers had been proved away, by the owner thereof, within twelve months from the date of the appraisement, but that the remaining two were still with the defendant.   It was also in proof, that defendant had never made any report, or had given information to the clerk, that the steer had been proved away by the owner.

The court charged the jury, that if one of the steers had been proven away by the owner, within twelve months from the day of the appraisement of the same, that the plaintiff could not recover for such steer, although the defendant had made no report, or given information thereof to the clerk—and further charged the jury, that if the facts in evidence were believed by them, the plaintiff was entitled to recover but one half the value of the remaining two steers, with in-

terest from the date of the forfeiture.    To which the plaintiff excepted, and which he now assigns as error.

T. J. Judge, for plaintiff in error.

1. It is the duty of the taker up of an estray, at the expiration of twelve months, if the same is not proved away, &c. to pay one half the amount of the appraised value thereof to the clerk of the county court. If the stray is proved away, it is further contended, that it is his duty to report the fact to the clerk, else how is the clerk to know it?    The clerk is bound to sue after the expiration of twelve months; and shall the clerk be thrown into the costs, on the taker up then showing for the first time, that the stray has been proved away ?.  [Cl. Dig. 550, § 6; Id. 551, § 13.]

2. The second charge given was clearly erroneous.  When a stray bond is forfeited, *the whole* of the penalty is recoverable, with interest on the same, and not one half, as the court charged.  [Clay's Dig. 551, § 13; Id. 550, § 6.]

Cook, contra.    The condition of the bond is, that the person posting shall pay half the appraised value.    The 6th section referred to, being in force at the passage of the 13th section, cannot qualify the latter.

ORMOND, J.—By the act of 1820, the taker up of an estray, was required to pay one half the appraised value to the clerk of the county court, and upon his failing to do so within twelve months from the time of the appraisement, was subjected to an action of debt by the clerk, for the entire amount of the appraised value of such estray. [Clay's Dig. 550, § 6.]

By the act of 1823, the taker up of an estray, was required upon the value being ascertained by appraisement, to execute a bond for the amount of the appraisement, payable to the clerk and his successors in office, with condition to pay the clerk half the amount of the appraised value of the stray, unless the same was proved away by the owner, or owners thereof, within twelve months from the appraisement; or unless it escaped without the connivance or neglect of the taker up.

The only question to be determined is, whether the provision of the 6th section, requring the taker up to account with the clerk, within twelve months, or be subjected to a recovery for the entire amount of the appraisement, is not still in force, notwithstanding the act of 1823, requiring a bond with condition to be executed by him.

There is doubtless much force in the argument, that such is the fact, as otherwise it would be impossible for the clerk to know when to commence a suit, but we do not see how a construction can be put upon the law, in opposition to the clear and explicit language of the condition of the bond; which declares that the obligor shall only be compelled to pay one half the appraised value of such strays as are not proven away, die, or escape. To hold that the obligor was liable beyond the condition of his bond, in virtue of a previous statute, is entirely unauthorized by the established rules for the construction of statutes. If there is, as there seems to be, a palpable incongruity between them, the former must yield.

It might be worthy of consideration, whether the defendant could exonerate himself from the payment of costs, by bringing himself within the condition of the bond, unless he had previously given the clerk notice that the stray had been proven away, died, or escaped; as the clerk, in bringing the suit, is merely performing a public duty cast on him by law.

Let the judgment be affirmed.